## In re MURDOCK'S ESTATE.

### Sac. No. 452; July 7, 1898.

#### 53 Pac. 792.

**Accounts of Executors.—An Order in Probate Court Settling the First** annual account of executors, which strikes out certain items for sums paid to experts and detectives in investigating an alleged fraudulent claim against the estate, on the ground that the court is unable to examine such items because the executors object to disclosing the particulars for fear of defeating their object, is not erroneous, where leave is given to restate such items in some future account.

APPEAL from Superior Court, Glenn County.

In the matter of the estate of William Murdock, deceased. From an order made on the hearing of exceptions to the executors' first annual account, they appeal. Affirmed.

F. C. Lusk (Richard Bane of counsel) for appellants; Reddy, Campbell & Metson for respondent.

PER CURIAM.—The executors of the last will and testament of William Murdock, deceased, filed their first annual account in the superior court of Glenn county, and one Mary Helen Murdock, claiming to be a creditor of said estate, filed exceptions thereto, and the executors appeal from the order made upon the hearing of said exceptions. After publication of notice to creditors, Mary Helen Murdock presented to said executors a claim against said estate upon an alleged promissory note purporting to have been made by said testator on September 5, 1877, for the sum of $100,000, payable to her order twenty years after date, "with interest at one per cent per month from date until paid." This claim was presented August 22, 1894, and was not then due. The executors held said claim for ten days without allowing or rejecting it, whereupon said claimant elected to consider the claim rejected and brought suit thereon, but dismissed it shortly afterward.

The question principally discussed by counsel for appellants concerns the right of said claimant to contest said account, it being contended that the presentation of her claim did not comply with the requirements of section 1494 of the

Code of Civil Procedure, in reference to the presentation of claims not due; that it was therefore nugatory, and gave her no standing to contest the account. Some other questions incidental to the right of said contestant to be heard were also raised; but unless the order made by the court settling the account was itself erroneous, it cannot be reversed because of errors occurring at the hearing, so that the only material question upon this appeal is whether that order is erroneous.

Several items were ordered to be retired from the account, with leave to the executors to restate them in some future account. These, so far as complained of, relate to compensation paid by the executors to an expert in handwriting and certain detectives employed by them in investigating the claim of the contestant based upon said alleged promissory note, which if valid, would amount at maturity to $340,000; and the ground upon which these items were retired was that the executors having objected to disclosing the particulars of their services, for the reason that it might defeat the object sought to be attained, namely, the defeat of the alleged fraudulent claim of contestant, the court could not sufficiently investigate the character and value of the services rendered to enable it to determine whether those items should be allowed. We think this action of the court was proper, and that the executors were not prejudiced thereby. No opinion is expressed upon the other questions discussed, for the reason that it is not necessary to a decision of this appeal, and questions which may arise in other proceedings should not be now anticipated; and if the questions discussed and not decided upon this appeal should again arise, the parties will not be prejudiced or concluded by the action of the court below in this proceeding, except as to the order settling said account, which is hereby affirmed.